**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CONZALOS GLASCO, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:08-cv-1711-DFH-DML |
| ) | |
| CAPTAIN PRULHIERE, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's motion to proceed *in forma pauperis* (dkt 2) is **granted.** The plaintiff is assessed an initial partial filing fee of Seven Dollars and Sixty-three cents ($7.63). He shall have **through January 29, 2009,** in which to pay this sum to the clerk of the district court.

2. Conzalos Glasco is confined at the Plainfield Correctional Facility, a prison operated by the State of Indiana in this District and has filed a complaint asserting that the defendants have failed to protect him from attacks by other inmates in violation of his federally secured rights. He seeks damages and injunctive relief. The complaint is brought pursuant to 42 U.S.C. § 1983.

   a. Because Glasco is a prisoner, the complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

   b. This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). Pursuant to this statute, "[a] complaint is subject to dismissal for failure

to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

    c.    Further, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

3.    Applying the standard expressed in paragraph 2 of this Entry, certain claims must be dismissed as legally insufficient.

    a.    The claims against **Rondle Anderson and Wendy Knight** must be dismissed for failure to state a claim upon which relief may be granted. The claims against Anderson and Knight must be dismissed because the alleged failure of these defendants to respond to letters or complaints about the conditions of Glasco's confinement is not sufficient to bring them into the zone of liability under § 1983, because "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Glasco's allegations do not suggest a plausible basis for concluding that these supervisory defendants caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Even if Glasco wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants. *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006)(letters to Director insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

    b.    Kevin Mulroony allegedly refused to work with Glasco in the grievance process. The claim against this defendant, **Kevin Mulroony,** must also be dismissed for failure to state a claim upon which relief can be granted. Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances. *Flick v. Alba,* 932 F.3d 728, 729 (8th Cir. 1991). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430 (internal citations omitted). The foregoing has recently been cited as Circuit law "specifically denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d

763, 772 (7th Cir. 2008). Because Glasco had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). These same principles explain why any claim against Superintendent Knight for failing to respond to a copy of a grievance form sent to her must be dismissed as legally insufficient.

    c.    Any claim for damages against the defendants in their official capacities as employees of the DOC, which is a state agency, is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These claims are **dismissed** as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court under the circumstances presented here because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

    d.    Other claims, yet to be specified, may also be subject to dismissal under § 1915A. The parties will be notified of any such dismissals.

4.    No partial final judgment shall issue at this time as to the claims resolved in paragraph 3 of this Entry.

5.    The action shall proceed as to the claims not dismissed as legally insufficient in this Entry. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: __1/8/2009__

Distribution:

Captain Prulhiere
Keith Hartzell
Lieutenant Puckett
Lieutenant Gibbs
Lieutenant Wiggins          All at:
Sergeant Pruitt             Plainfield Correctional Facility
Officer Terry               727 Moon Rd
Officer Cornelius           Plainfield, IN 46168

Conzalos Glasco
DOC  890756
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168