**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CONZALOS GLASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-1711-DFH-DML |
| | ) | |
| CAPTAIN PRULHIERE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Directing Further Proceedings**

The court notes in its review of this matter that the plaintiff's request to proceed *in forma pauperis* was granted in paragraph 1 of the Entry issued on January 8, 2009. The court also notes that the plaintiff has an extensive litigation history in federal court.

Notwithstanding the ruling in paragraph 1 of the Entry issued on January 8, 2009, a prisoner who has filed at least three suits or appeals that are frivolous, malicious, or fail to state a claim is ineligible to proceed *in forma pauperis* and must prepay all fees unless in imminent physical danger. 28 U.S.C. § 1915(g); *see Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). As *Ammons* demonstrates, a court does not always have complete information regarding a litigant's prior "strikes" in this regard. Accordingly, "[a] litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Id.* (citing *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999). In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002), and *Heimermann v. Litscher,* 337 F.3d 781 (7th Cir. 2003). In order to understand how this rule operates, it must be noted that when a prisoner files a multi-claim or multi-defendant suit, the prisoner will incur a strike when any claim against any of the respondents in the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *Shelley v. Lechleitner*, 2008 WL 5263778, *1 (W.D.Wis. 2008)(applying *George* in concluding that "[o]n at least three prior occasions, this court has dismissed at the screening stage at least one claim raised in petitioner's previous complaints for one of the reasons listed in § 1915(g)").

**II.**

The plaintiff shall have **through April 9, 2009,** in which to **report** whether, at the time his request to proceed *in forma pauperis* was filed in this action, he was ineligible to proceed in that fashion based on the circumstances described in Part I of this Entry.

**III.**

The action is **stayed** except as to the directions in Part II until the plaintiff has proceeded as directed and the court has made any order required by the information which is provided.

Consistent with the foregoing stay, all pending motions are **denied without prejudice.**

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 3/18/09

Distribution:

Conzalos Glasco
DOC 890756
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Akia Haynes
akia.haynes@atg.in.gov

Laura Lee Bowker
laura.bowker@atg.in.gov