**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CONZALOS GLASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-1711-DFH-DML |
| | ) | |
| CAPTAIN PRULHIERE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Pending Motions**

**I.**

The plaintiff has filed a number of motions (dkts 19, 21, 24, 28, and 29), each alleging that he has been placed in segregation without reason and asking the court to order prison officials to release him from segregation. These motions are **denied** because the plaintiff has no federally secured interest in being free from placement in segregation, whether or not authorities have explained that placement to him. *Sandin v. Conner,* 515 U.S. 472 (1995). Even if the court could find otherwise, moreover, based on the very meager allegations of mistreatment in these motions, the relief the plaintiff seeks would improperly interfere with prison administrators' complex task of managing the prison where the plaintiff is confined. *Bell v. Wolfish,* 441 U.S. 520, 547-48 (1979)("[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. 'Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'") (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)(citations and footnotes omitted).

**II.**

The plaintiff's motion for injunction (dkt 34) asks the court to fire from employment and bring criminal charges against certain prison officers. Such relief is outside the scope of that which the court can order. The plaintiff's motion for injunction is **denied.**

## III.

The plaintiff's motion to show the court retaliation (dkt 36) alleges that the prison has failed to process his request to remit the initial partial filing fee to the court. The plaintiff's motion is **denied as moot** in light of the fact that monthly payments are being sent to the clerk in accordance with the February 11, 2009, order directing withholding of inmate funds.

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 5/20/2009

Distribution:

Laura Lee Bowker
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Akia Haynes
INDIANA OFFICE OF THE ATTORNEY GENERAL
akia.haynes@atg.in.gov

Conzalos Glasco
DOC #890756
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168