UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CONZALOS GLASCO,  )
 )
        Plaintiff,  )
vs.  )    1:08-cv-1711-WTL-DML
 )
CAPTAIN PRULHIERE, et al.,  )
 )
        Defendants.  )

**E N T R Y**

For the reasons explained in this Entry, the plaintiff's renewed request to reopen the action (dkt 76) must be **denied.**

**I.**

Final judgment in this civil rights action was entered on December 2, 2009. In dismissing the action without prejudice, the court granted the defendants' motion for summary judgment on the ground that the plaintiff failed to comply with the exhaustion of administrative remedies requirement of 42 U.S.C. § 1997e(a). A series of post-judgment filings followed.

- On January 11, 2010, he filed a motion to present evidence, which was treated as a motion for relief from judgment and denied on January 14, 2010.

- Another post-judgment motion for relief was filed by the plaintiff on February 4, 2010, and was denied the next day.

- The plaintiff then sought to be supplied with a copy of the docket sheet, and that request was granted on March 3, 2010.

- The plaintiff's motion for leave to file belated notice of appeal was filed on April 7, 2010, and denied on April 12, 2010.

The matter now before the court is the plaintiff's request to reopen the action, filed on October 1, 2010.

**II.**

**A.**

"Rule 60 regulates the procedures by which a party may obtain relief from a final judgment . . . . The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Charles Alan Wright and Andrew D. Liepold, **Federal Practice and Procedure** § 2851 (4th

ed. 2008). "A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

A movant has a "reasonable" period of time in which to file a Rule 60(b) motion, subject in some circumstances to a 1-year maximum. *See Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir. 1999) (citations omitted); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986). The one-year cap is an "extreme outer limit," and has repeatedly cautioned that "even a motion filed within a year will be rejected as untimely if not made within a reasonable time." *Berwick Grain Co.,* 189 F.3d at 560 (citations omitted). "What constitutes a 'reasonable time' ultimately depends on the facts of each case including the reason for delay, the practical ability of the litigant to have learned about the grounds of the judgment earlier, and the degree of prejudice to the other parties." *Kagan,* 795 F.2d at 610 (quoting Rule 60). This time limit is jurisdictional and cannot be extended. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). A motion under the "catchall" provision contained in Rule 60(b)(6) also must be made "within a reasonable time."

**B.**

The present motion seeking that the action be reopened is premised on the suggestion–an implication–that the plaintiff did not receive notice of the disposition of the action in a timely fashion. As outlined in Part I of this Entry, any such contention has not been presented within a reasonable time and, apart from the question of timing, is entirely baseless.

The court explained in Part I of the Entry issued on April 12, 2010: "The parties were notified of this disposition in the customary fashion. The plaintiff was mailed a copy of the Entry and the accompanying Judgment. These materials reached the plaintiff, because on January 11, 2010, he filed a motion to present evidence, which was treated as a motion for relief from judgment and denied on January 14, 2010." The October 1, 2010, filing, many months after the first of the post-judgment filings emerged, the plaintiff's request for relief pursuant to Rule 60(b) has not been filed timely.

Apart from this, the motion is substantively repetitive insofar as it suggests any irregularity whatsoever in the proceedings.

The motion to reopen does not rest on any of the specific grounds for relief authorized by Rule 60(b). It is therefore insufficient to justify relief. *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)(explaining that a post-judgment motion "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief."). Point by point, moreover, the motion is baseless:

! The motion starts by stating that the plaintiff has evidence that the final

judgment of December 2, 2009, is not shown on the docket sheet. This statement is false. The docket sheet shows the judgment entered by the clerk or her deputy on December 2, 2009. This conforms with the requirement of Rule 79(a) of the *Federal Rules of Civil Procedure*

! The motion proceeds by stating that the plaintiff has evidence that he never received the Entry and Judgment issued on December 2, 2009. Even if literally true, this was cured through filings and rulings made in the weeks following that ruling. Asserting this fact at this point in time is meaningless.

! The motion proceeds to state that prison authorities at the Plainfield Correctional Facility did not deliver the court's mail addressed to him containing the Entry and Judgment issued on December 2, 2009. This statement has no effect in light of the observations just made: Any failure to deliver did not remain a failure to communicate because any such failure "was cured through filings and rulings made in the weeks following that ruling. Asserting this fact at this point in time is meaningless."

! The motion goes on to state that the defendants never notified the plaintiff of the issuance of final judgment. This may be true, but does not implicate any contrary interest held by the plaintiff because it is the clerk's duty to notify litigants of rulings. The defendants had not duty to notify the plaintiff of the issuance of final judgment, so their asserted failure to do so is inconsequential.

! The motion concludes with the statement that the plaintiff will "send this information to the court action [sic] above." That is what the plaintiff has done through the composition and filing of the motion–it does not separately suggest the plaintiff's entitlement to relief.

As shown above, therefore, the motion to reopen the action is untimely, is repetitive, and is without merit.

### III.

Based on the foregoing discussion, and without any alternative in the matter, the plaintiff's motion to reopen the action (dkt 76) is treated as a motion for relief from judgment and as so treated is **denied.**

**IT IS SO ORDERED.**

Date: 11/12/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Laura Lee Bowker
laura.bowker@atg.in.gov

Akia Haynes
akia.haynes@atg.in.gov

Conzalos Glasco   890756
Indiana State Prison
P.O. Box 41
Michigan City, IN 46360